## MEYROSE, In re

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17472.   Decided Dec. 25, 1939.

Dorr E. Warner, Esq., Cleveland, for appellant.

Albert H. Fiebach, Esq., Cleveland, for appellee.

## OPINION

By TERRELL, PJ.

Alexander Meyrose filed a petition for a writ of habeas corpus in which he alleged that he was unlawfully restrained of his liberty by The Cleveland State Hospital and by Florence Meyrose, in whose custody he was placed

by the said Cleveland State Hospital.

He further alleges that on March 15, 1937, he was adjudged insane and committed until the cause of this commitment to the Cleveland State Hospital was removed, or until he was cured, by order of the Probate Court of the County of Cuyahoga, Ohio.

A demurrer was filed to this petition and it was sustained by the Common Pleas Court. Appellant claims there was error on the part of the trial court in sustaining this demurrer.

It is apparent from the face of the petition that the appellant had been adjudged insane by the Probate Court of Cuyahoga County, and committed to the Cleveland State Hospital. There is no complaint made in the petition as to the jurisdiction of the Probate Court of Cuyahoga County or as to the legality of the commitment. There is no allegation that the cause of the commitment had been removed, or that the appellant herein was cured. The mere statement in the petition of the conclusion that the petitioner is "unlawfully restrained of his liberty" will not overcome the proper implication from the statement of facts set forth in the petition. That implication is, that petitioner was lawfully committed to The Cleveland State Hospital as insane, and his condition of insanity is presumed to continue until at least an allegation is made that he has been cured and has recovered his sanity.

It would appear, therefore, that this petition does not state a cause of action for a writ of habeas corpus and in order to state a cause of action, it would have to contain the allegation, in connection with the other facts alleged, that he has regained his sanity.

Counsel for the appellant argues that under the case, In Re Remus, 119 Oh St 166, the trial court had ample jurisdiction to hear and determine the right of the appellant to a writ of habeas corpus.

We do not intend to assert hereby that the trial court had no such right and jurisdiction to hear and determine the right to habeas corpus writ. We merely find that in this case the petitioner has not stated a cause of action.

The demurrer was properly sustained, and should be affirmed.

LIEGHLEY, J. & MORGAN, J., concur.